UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MLP TECHNOLOGY, INC.** an Ohio corporation, Plaintiff, v. **LIFEMED ID, INC.** a California corporation, Defendant. | Civil Action No. **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff MLP Technology, Inc. ("MLP") brings this action seeking monetary damages and injunctive relief against Defendant, LifeMed ID, Inc. ("LifeMed"), to remedy LifeMed's infringement of United States Patent No. 8,234,125 ("the '125 Patent"), in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq., and the harm caused thereby. (A true and correct copy of the '125 Patent is attached hereto as Ex. A.)

For its Complaint against LifeMed, MLP alleges as follows:

### PARTIES

2. Plaintiff MLP is a corporation organized and existing under the laws of Ohio, having its principal place of business at 13020 Tilden Road, Hiram, Ohio 44234.

3. Plaintiff MLP owns the entire right, title, and interest in the '125 Patent, described below, for health care data management.

1

4. On information and belief, Defendant LifeMed is a corporation organized and existing under the laws of California, with a principal place of business at 6349 Auburn Boulevard, Citrus Heights, California 95621.

## JURISDICTION AND VENUE

**Subject Matter Jurisdiction**

5. This is an action arising under the patent laws of the United States.

6. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

**Personal Jurisdiction**

7. LifeMed, directly and/or through third parties, is doing business in this District by selling, offering to sell, and otherwise making available its products, including SecureReg ID, SecureReg Integrated, SecureReg Link, SecureReg EMS Gateway, SecureReg Patient Data Exchange, and Patient Identity Card products.

8. Below is a map that LifeMed represents indicates the locations of its "Trained Integrators, Educators, Deployment, and Servicing Locations."  This map is from a presentation given by LifeMed's CEO David Batchelor at the American Medical Association's Health Security Card Conference on April 24, 2012. (See Ex. B at Slide 21, http://www.ama-assn.org/resources/doc/cphpdr/hsc-batchelor.pdf)  The map shows that LifeMed has sold or offered for sale its products and services (collectively referred to as "solutions") in this District. (See, *e.g.*, dots labeled 53 and 54 in the map below).  The dots on the map are referred to in the slide as "Distribution Locations."



9. The personal jurisdiction of this Court over LifeMed is proper because LifeMed has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and place infringing solutions into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in Ohio, including in this District. These acts cause injury to MLP within the District.

10. Personal jurisdiction is also proper because, upon information and belief, LifeMed has derived and continues to derive substantial revenue from the sale of infringing solutions distributed within the District, and/or expects or should reasonably expect their actions to have consequences within the District and derive substantial revenue from interstate and international commerce.

11. In addition, LifeMed has, and continues to, knowingly induce infringement within Ohio and within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District, by creating and/or disseminating advertisements for the products with like knowledge and intent, and by warranting the products sold by others within the District.

12. Additionally, LifeMed entered into a Mutual Non-Disclosure Agreement with MLP on December 6, 2012.

13. Accordingly, this court has personal jurisdiction over the parties pursuant to Fed. R. Civ. P. 4(k)(1)(A).

**Venue**

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

15. Ruth E. Skocic conceived of and developed a health care data management system and method.

16. On September 4, 2008, MLP filed application 12/204,560 for a United States Patent relating to the system and method mentioned in paragraph 15.

17. Application 12/204,560 is a continuation-in-part of application 11/962,267, filed on December 21, 2007, which is a continuation-in-part of application 11/592,913, filed on November 6, 2006.

18. On July 31, 2012, the patent application mentioned in paragraph 16 was duly and legally issued, by the United States Patent and Trademark Office, as the '125 Patent, entitled *Health Care Data Management*.

19. Ruth E. Skocic discussed the system and method, mentioned in paragraph 15, with David Batchelor, CEO of LifeMed, and various employees of LifeMed on January 30, 2013.

20. A true and correct copy of Figure 1 of the '125 Patent appears below.



21. A portion of a slide obtained from the LifeMed presentation mentioned in paragraph 8 and attached hereto as Ex. B appears below.



22. A true and correct copy of Figure 9 of the '125 Patent appears below.



23. A portion of a slide obtained from the LifeMed presentation mentioned in paragraph 8 and attached hereto as Ex. B appears below.



24. David Batchelor and LifeMed ID also developed a white paper published in 2012 by Smart Card Alliance titled "Smart Cards and Biometrics in Healthcare Identity Applications." (See Ex. C, http://www.smartcardalliance.org/resources/pdf/smart-cards-and-biomertics-healthcare_051112.pdf).

25. At the time of the publication of the white paper attached as Ex. C, David Batchelor was the Vice Chair of Healthcare Council and Board Member of the Smart Card Alliance.

26. According to their website, Smart Card Alliance is a "multi-industry association working to stimulate the understanding, adoption, use and widespread application of smart card technology." See http://www.smartcardalliance.org/pages/alliance.

27. The 2012 white paper describes the invention claimed in the '125 Patent.

28. On April 17, 2012, LifeMed issued a press release, attached hereto as Exhibit D, noting that LifeMed deployed its SecureReg$^{TM}$ software at Resolute Health. "The Resolute BeneFIT card will be issued at the Resolute Health Center for Wellbeing and the Resolute Health Family Urgent Care Center." This press release can also be found at the following URL: http://lifemedid.com/2012/04/17/hello-world-2/.

29. A description of Resolute Health's BeneFit card and program can be found at http://www.resolutehealth.com/benefit-program/.

30. An image of Resolute Health's BeneFit card is shown below:



See http://www.resolutehealth.com/benefit-program/

31. In its April 17, 2012 press release (Ex. D), LifeMed notes that its SecureReg$^{TM}$ product is a "Smart Card solution that authenticates and accurately identifies patients and bridges

9

disparate group data, unifying patient identity and current/historical medical data for Medicare, Medicaid, VA, Insurance Companies, Hospitals, Clinics, Medical Groups and entire Health Provider systems."

33. The press release further notes,

> SecureReg™ Patient Identity Management System quickly and accurately identifies and manages patients through the registration process. The system automates registration, authenticates and accurately identifies patients, automatically invokes the correct medical record using existing registration software and provides photo ID on card and registration screens…without keystrokes. The paperless registration and quick check-in significantly decreases patient wait times. With one swipe of their card the patient is instantly signed in at various registration points.

33. The press release also describes how First Responders use LifeMed's SecureReg product,

> The Health Security Smart Card allows First Responders access to a patient's critical information including prescriptions, medical history, allergies, insurance, demographic, next of kin, advance directive as well as other key information on or offline. With the capacity to treat the patient effectively at the emergency scene and transmit the patient's medical information to the emergency room, to alert ER staff of the incoming patient and the ER's ability to prepare, further increase's the critical patient's chances of survival.

34. On information and belief, LifeMed has copied, used, sold, and offered to sell the invention mentioned in paragraphs 15-19, and, as a result, has directly or indirectly infringed the '125 patent.

## DESCRIPTION OF INFRINGING PRODUCTS

35. LifeMed ID provides a Patient Identity Solution comprising the SecureReg ID, SecureReg Integrated, SecureReg Link, SecureReg EMS Gateway, Patient Identity Card, and SecureReg Patient Data Exchange products.

10

36. The SecureReg ID™ product "identifies and authenticates patients for each visit or procedure throughout a medical facility…[and links] patient identit[ies] to their medical records…" *See* http://www.lifemedid.com/products-and-services/securereg-id.

37. The SecureReg Integrated™ product "provides ALL the features and functionality of SecureReg ID [described in paragraph 36] and also provides bi-directional HL7 communications capability with your Electronic Medical Record (EMR) software and adds the capability to communicate with other disparate EMR/ADT systems within or outside of your network." *See* http://lifemedid.com/products-and-services/securereg-integrated/

38. The SecureReg Link™ product

> is for healthcare providers who have multiple and or disparate practice management systems (PMS) that do not automatically exchange data in real time and/or require manual updates to cross import data. The cost in labor, down time and errors due to lack of interoperability can be enormous. LifeMed ID developed SecureReg Link™ to provide healthcare facilities with an affordable and secure way to automate this data exchange between their existing systems with the enhanced value of our SecureReg ID™ solution.

*See* http://lifemedid.com/products-and-services/securereg-link/.

39. The SecureReg EMS Gateway™ product "provides Emergency Medical Services (EMS) access to critical patient medical history to improve care at emergency incidents…[and] allows EMS to electronically transmit the current/historical patient data to emergency rooms in advance of the incoming patient(s), allowing emergency responders the ability to prepare, increase critical patient's chances of survival and better management of disaster preparedness centers." *See* http://lifemedid.com/products-and-services/securereg-ems/.

40. The Patient Identity Card product is a patient identity solution using smart card and cloud technology that integrates with practice management systems using HL7 technology. *See* http://lifemedid.com/products-and-services/patient-identity-card/.

41. The SecureReg Patient Data Exchange™ product "is a secure web portal where the patient can view their medical records and update certain information..." *See* http://lifemedid.com/products-and-services/securereg-patient-data-exchange/.

42. The LifeMed Patient Identity Solution including LifeMed's Smart Card Platform "allows EHRs [electronic health records], Health Information Exchanges ("HIEs"), hospital legacy systems, or physicians' record management systems to seamlessly connect to patient data. The LifeMed™ software now transports the relevant information onto a secure patient smart card, thus completing the journey from HIE to the provider network, allowing for a strong authorization of true identity for a *Continuity of Care*, amongst all providers." *See* http://www.smartassociation.com/files/HIE_press_release_April_2009.pdf.

43. The LifeMed Patient Identity Solution provides first responders authority to access a data cloud for patient identification and patient data access. *See* Ex. B, slide 7.

44. The LifeMed SecureReg ID product "accurately identifies and authenticates patients for each visit or procedure throughout medical facility while correctly linking that patient identity to their multiple medical records automating app registration processes for the care provider." The product communicates with Electronic Medical Record ("EMR") or Admissions/Discharge/Transfer ("ADT") applications utilizing an industry standard HL7 communications protocol. *See* http://www.lifemedid.com/products-and-services/securereg-id/.

45. The SecureReg ID cloud and card based token provides multiple levels of patient identification and authentication, including (1) a photograph of the patient both on the card and a

corresponding photo delivered from the SecureReg ID cloud based software, (2) a 256 bit SSL encrypted LifeMed ID identity number from the card matched to corresponding encrypted identification number in the LifeMed ID cloud, and (3) the ability to optionally add a PIN number and/or biometrics. *See* http://www.lifemedid.com/products-and-services/securereg-id/.

46. The LifeMed Patient Identity Solution provides kiosks at hospitals used by patients for registration.

47. The LifeMed Patient Identity Solution provides the ability for patients to upload information through a web site for encryption and storage onto a Smart card.

48. The LifeMed Patient Identity Solution stores patient identity information including PIN, photo, biometric, etc. in a cloud.

49. The LifeMed Patient Identity Solution stores patient data including insurance data, carrier, plan, policy, subscriber name, etc. in a cloud.

50. The LifeMed Patient Identity Solution provides ambulances and emergency medical technicians with portable readers that can view a patient's Smart card data in an emergency situation.

51. The LifeMed Patient Identity Solution provides first responders including emergency medical technicians with the ability to transmit patient data to emergency rooms, via the cloud, in advance of the incoming patent.

52. The LifeMed Patient Identity Solution provides two-part security authentication for users that are viewing or updating data.

## COUNT I: PATENT INFRINGEMENT

53. MLP incorporates by reference each and every allegation contained in the paragraphs above as though fully set forth at length.

54. MLP owns all right, title, and interest in the '125 Patent, including the right to sue thereon and the right to recover for infringement thereof.

55. LifeMed makes, uses, imports, offers to sell, markets, provides, or sells, directly or through third parties, computer and computer-related products including its Patient Identity Solution products comprising the SecureReg ID, SecureReg Integrated, SecureReg Link, SecureReg EMS Gateway, Patient Identity Card, and SecureReg Patient Data Exchange products, at least in the United States.

56. LifeMed makes its Patient Identity Solution products available through a nationwide network of dealers that handle sales, installation, service, and training for LifeMed, as shown in paragraph 8.

57. The Patient Identity Solution products include software components that originated in the United States.

58. LifeMed, though the activities and products listed and described in the paragraphs above, has infringed and is directly infringing the '125 Patent in violation of 35 U.S.C. § 271(a).

59. LifeMed, has in the past, and is also presently aiding, abetting, contributing to, and actively and knowingly inducing infringement of the '125 Patent by non-parties in the United States and countries foreign thereto including, but not limited to, healthcare providers, customers, and patients in violation of 35 U.S.C. § 271 (b), and (c).

60. LifeMed's products are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

61. MLP has given notice in writing to LifeMed of the '125 Patent at least as early as January 31, 2013. (See e-mail correspondence attached hereto as Ex. E).

62. By reason of LifeMed's infringing activities, MLP has suffered, and will continue to suffer, substantial damages in an amount yet to be determined.

63. LifeMed's acts complained of herein have damaged and will continue to damage MLP irreparably. MLP has no adequate remedy at law for these wrongs and injuries. MLP is therefore entitled to a preliminary and permanent injunction restraining and enjoining LifeMed and its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the claims of the '125 Patent.

64. LifeMed is not licensed or otherwise authorized to make, use, import, offer to sell, market, provide, or sell any product or method claimed in the '125 Patent, and LifeMed's conduct is, in every instance, without MLP's consent.

65. LifeMed's infringement has been and continues to be willful.

**PRAYER FOR RELIEF**

**WHEREFORE,** MLP requests that this Court grant the following relief:

a) Enter judgment that LifeMed infringes and has infringed the '125 Patent;

b) Declare that LifeMed's infringement of the '125 Patent has been willful;

c) Award MLP a preliminary and permanent injunction restraining LifeMed, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '125 Patent;

d) Award MLP damages from LifeMed adequate to compensate for LifeMed's infringement, including interest and costs;

e) Award MLP treble damages based on LifeMed's copying and willful infringement of the '125 Patent; and

f) Declare this case to be exceptional and award MLP its reasonable attorney fees and costs under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

MLP respectfully requests a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

Dated:  **April 23, 2013**

                                       **SUTTER O'CONNELL CO.**

                                       By:  /s/ Lawrence A. Sutter
                                       Lawrence A. Sutter (#0042664)
                                       Denise A. Dickerson (#0064947)
                                       1301 East 9th Street
                                       Cleveland, OH 44114
                                       Tel: (216) 928-2200
                                       Fax: (216) 928-4400
                                       lsutter@sutter-law.com
                                       ddickerson@sutter-law.com

*Of Counsel*

**SUGHRUE MION, PLLC**
John F. Rabena
Chandran B. Iyer
Eric S. Barr
2100 Pennsylvania Ave., N.W.
Washington, DC 20037
Tel: (202) 293-7060
Fax: (202) 293-7860
jrabena@sughrue.com
cbiyer@sughrue.com
ebarr@sughrue.com


**SUGHRUE MION, PLLC**
Antony M. Novom
4250 Executive Square
Suite 900
La Jolla, California  92037
Tel: (858) 795-1180
Fax: (858) 795-1199
anovom@sughrue.com