UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MLP TECHNOLOGY, INC.** an Ohio corporation, Plaintiff, v. **LIFEMED ID, INC.** a California corporation, Defendant. | Case No. 5:13cv909 REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION FOR MOTION TO TRANSFER VENUE

Defendant LIFEMED ID, Inc. ("LifeMed") respectfully submits this reply in response to the Opposition to the Motion to Transfer Venue by Plaintiff MLP TECHNOLOGY, Inc. ("MLP"). LifeMed has shown it has had no presence and no contacts with Ohio. The only evidence MLP has offered attempting to show any basis for LifeMed's residence is founded on a defective declaration which was not made under penalty of perjury (as strictly required by the Rules) and contains inadmissible hearsay. Furthermore, MLP's Opposition attempts to conflate the issues of jurisdiction and venue and disingenuously states that LifeMed did not contest personal jurisdiction, in hopes to distract from the undeniable facts demonstrating that Ohio is not the proper forum for this dispute.

/ / /

/ / /

/ / /

/ / /

## DISCUSSION

A.   MLP's Factual Assertions are Unsupported by Admissible Evidence

Pursuant to 28 U.S.C. § 1746, a declaration is inadmissible unless it is executed under penalty of perjury.[1] The Declaration of Ruth E. Skocic, on which MLP relies is unsworn and was not made under penalty of perjury. It is therefore inadmissible. Additionally, paragraphs 9-15 of the declaration are obviously based on hearsay and inadmissible on these grounds as well.[2]

B.   Jurisdiction over LifeMed is Improper as LifeMed has no Connection with the State.

First, MLP misses the critical distinction that venue is different than personal jurisdiction. Venue and personal jurisdiction are independent requirements and a district court is not required to determine subject matter or personal jurisdiction before ordering a case to be transferred under 28 U.S.C. §1404(a) because a transfer is not a ruling on the merits. *In re LimitNone, LLC* (7th Cir. 2008) 551 F.3d 572, 576.

Second, even if MLP's faulty analysis was correct, MLP still wrongfully asserts that LifeMed has admitted that Ohio courts have personal jurisdiction over LifeMed. 28 U.S.C. § 1400(b) provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." LifeMed articulated facts demonstrating that LifeMed is not subject to personal jurisdiction in Ohio in its Points and Authorities in Support of Motion to Transfer Venue ("Motion to Transfer") ¶3 (section titled

---

[1] "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
…(2) **If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct**. Executed on (date). (Signature)."

[2] Hearsay is a statement that: 1) the declarant does not make while testifying at the current trial or hearing; and 2) a party offers in evidence to prove the truth of the matter asserted in the statement and unless an exception applies, it must be excluded. Fed. R. Evid. 801(c), 802.

"LifeMed resides in California, not Ohio.")

MLP's allegation that personal jurisdiction is somehow appropriate in Ohio is unavailing. MLP offers no facts to support this proposition other than a defective and inadmissible declaration rife with hearsay. LifeMed is not subject to personal jurisdiction in Ohio because it has no offices, employees, advertisements, or sales within Ohio.  LifeMed simply has no contacts within the state of Ohio, and MLP's tired repetition of the allegation that contacts exist does not make the proposition true.

Even if LifeMed chose to advertise through a distributor, local advertising by itself is not enough to subject a nonresident to personal jurisdiction, nor are sales and promotional activities through independent nonexclusive sales representatives enough to subject an out of state company to local jurisdiction in actions unrelated to those sales activities. *Cubbage v. Merchant,* 744 F.2d 665, 668-669 (9th Cir. 1984); *Forsynthe v. Overmyer,* 576 F.2d 779, 783 (9th Cir. 1978); *Congoleum Corp. v. DLW Aktiengesellschaft,* 729 F.2d 1240 (9th Cir. 1984). Furthermore, nonresidents only may be subject to personal jurisdiction in a patent infringement action in local courts if it can be shown that the nonresident deliberately placed the infringing product into the stream of commerce with the expectation of exploiting business in the forum state. *Beverly Hills Fan Co. v. Royal Sovereign Corp.* (Fed. Cir. 1994) 21 F.3d 1558, 1566; *Viam Corp. v. Iowa Export-Import Trading* Co. (Fed. Cir. 1996) 84 F.3d 424, 429. Here, LifeMed did not advertise or sell any of its products within the state of Ohio nor did it place any products within the stream of commerce.

## C. LifeMed Did Not Undertake any Acts in Ohio, Nor Does it Have an Established Place of Business In Ohio

MLP falsely asserts LifeMed can only rely on 28 U.S.C. § 1400, if LifeMed can show that no infringement took place in this district. This is legally incorrect. 28 U.S.C. §1400 provides that **two events must occur** in the district to establish venue: 1) commission by the defendant of an act of infringement *and* 2) possession by the defendant of a regular and established business . . . .  Neither factor alone is sufficient.  Both must be present in order to

establish venue under this statute. *Cordis Corp. v. Cardiac Pacemakers,* 599 F.2d 1085, 1086 (1st Cir. 1979); *General Radio Co. v. Superior Elec. Co.*, 293 F.2d 949, 951 (1st Cir. 1961). LifeMed could not have engaged in any acts of infringement in Ohio because it did not sell or offer to sell any allegedly infringed products there, nor does LifeMed have a regular and established business in Ohio. Even if the court considered the statements in the defective declaration of Ruth E. Skocic, the facts within these statements simply fail to establish LifeMed resides in Ohio. First, a short lived agreement with a distributor which never sold any of the alleged infringing products does not demonstrate that LifeMed ever offered products for sale in Ohio. MLP has failed to offer or establish any facts showing that the products were offered for sale through ISG in the state of Ohio. Furthermore, MLP glosses over the critical distinction between a distribution location run by an independent sales representative and a sales office run by the defendant themselves. As discussed in LifeMed's Motion to Transfer, a defendant's distribution of products through an independent representative or agent does not establish a regular place of business. *Cordis Corp. v. Cardiac Pacemakers* 599 F.2d 1085 (1st Cir. 1979); *Grantham v. Challenge-Cook Brothers, Inc.*, 420 F.2d 1182 (7th Cir 1969). Here, LifeMed does not, and never has offered products for sale through its own sales office in the state of Ohio and thus has no regular place of business in Ohio as defined within the second element of 28 U.S.C. §1400(b).

This Court previously has held that it is the Plaintiff that bears the burden of proving venue is proper. *Wax v. Stein World, L.L.C.*, No. 1:07CV3253, 2008 WL 2227350 at *1 (N.D. Ohio 2008). By failing to set forth any facts or evidence to show otherwise, MLP has conceded that LifeMed does not have a regular and established business in Ohio, and therefore has failed to show venue is proper in Ohio. At best, any facts offered by MLP are based a defective unsworn declaration which was not signed under penalty of perjury and is rife with inadmissible hearsay.

D. **California Is the More Convenient and Appropriate Forum**

MLP mischaracterizes LifeMed's 28 U.S.C. §1404(a) transfer motion as a forum *non*

*conveniens* motion. This characterization is simply incorrect. Forum *non conveniens* gives the court discretion to dismiss a case and is invoked where transfer is sought to another country. *Piper Aircraft Co. v. Reyno* (1981) 454 US 235, 253, 102 S.Ct. 252, 264.  MLP cite *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) for its faulty forum *non conveniens* red herring argument.  That case has since been abrogated and superseded by statute. *S*ee 28 U.S.C. § 1404(a); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), and to the extent federal courts have the power to dismiss damages actions under the common-law forum *non conveniens* doctrine, they have only done so in "cases where the alternative forum is abroad."

    Here, LifeMed is not asking this Court to dismiss the case under forum non conveniens. Instead LifeMed has requested transfer to a more appropriate forum--California. Furthermore, Congress intended to permit courts to grant transfers **upon a lesser showing** of inconvenience than required for dismissal. *Norwood v. Kirkpatrick* (1955) 349 US 29, 32.  Thus, LifeMed's burden of showing fairness and practicality is actually lower than the standard promoted by MLP in its faulty attempt to recast LifeMed's motion, and as demonstrated herein LifeMed already has met the proper standard.

1. <u>MLP Failed to Show Any Connection to Ohio To Invoke Plaintiff's Choice of Forum</u>

    A forum state's interest in the litigation is often not implicated when the action involves a federal claim for relief (e.g. patent infringement). *Patent Rights Protection Group, LLC v. Video Gaming Technologies, Inc.* (Fed. Cir. 2010) 603 F3d 1364, 1371. Some courts have recognized an exception to this rule where the plaintiff is given weight for the choice of forum for patent infringement cases when "the center of gravity of the accused activity [is] close . . . to the hub of activity centered around its production." *Laitram Corp.*, 1994 U.S. Dist. LEXIS 3492, 1994 WL 97819 *4 (quoting *Ricoh Co. v. Honeywell, Inc.,* 817 F. Supp. 473, 481 n. 17 (D.N.J. 1993)). "For that reason, district courts may disregard plaintiff's choice of forum in cases involving patent infringement." *LG Electronics Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 589 (D.N.J. 2001). In *Laitrum*, a patent infringement lawsuit was filed in the patent holder's home state of Louisiana. The alleged infringer resided in California and sought

transfer to a California district court. The Louisiana court found the following factors **weighed in favor** of transfer to California: all of the alleged infringing products were designed, developed, and manufactured in California, all of alleged infringing products were shipped from California, all the documents and records regarding the "design, development, manufacturing, marketing, and sales" were in California, and the only witnesses that would testify at the trial resided in California. *Id.*  Accordingly, the "center of gravity" in *Laitram* rested in the California forum.

Here, as in *Laitram*, LifeMed allegedly developed, designed, manufactured all of the allegedly infringing products in California and all of the records and witnesses are likewise located there.

Even if this Court finds Ohio has a state interest, the trial court has greater leeway in upsetting the Plaintiff's choice of forum by ordering a transfer because the remedy under the statute is less direct under a transfer than under a dismissal.  *Norwood v. Kirkpatrick,* (1955) 349 US 29, 32, 75 S.Ct. 544, 546. The Plaintiff's choice of forum is not given the weight it enjoyed under forum *non conveniens* and is only one of the factors to be considered. *Id.* When the Plaintiff's choice of forum is given weight, it is only given weight where the choice of forum has a **significant connection** to the claim. *CoolSavings.com Inc. v. IQ.Commerce Corp*, 53 F. Supp. 229, 233 (W.D. N.Y. 1996).  Here, there are no significant connections to Ohio because LifeMed did not develop or sell any alleged infringing products within the state of Ohio, nor does it have any contacts with Ohio. Thus, MLP's choice of forum should not be given much weight, if any at all.

MLP acknowledges that the alleged unlawful acts happened in hospitals in the states of Texas, New Hampshire, New York and Florida, yet fails to allege or offer any evidence showing that any of the alleged acts took place in Ohio. MLP cites *Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, in a futile attempt to prop up its argument that the center of gravity test should not be applied.  *Max Rack, Inc. v. Hoist Fitness Sys., Inc.,* 2006 U.S. Dist. LEXIS 1337 2006 U.S. Dist. LEXIS 1337. However, the court in *Max Rack* failed to apply the center of

gravity test only because the facts in that case were distinguishable from the other cases holding that patent infringement actions should be heard where the "hub of activity" of the infringing conduct occurred. *Id*. at *15. The alleged infringer in *Max Rack* had repeatedly stated that the design at issue was abandoned prior to being manufactured and prior to any marketing or sales. In fact, the only activity in California, according to infringer in that case, was its decision to abandon the allegedly infringing design after manufacturing four prototypes. Therefore, the ties to California in that case were substantially less than what were found in the other "center of gravity" cases. Because the subject design was never manufactured or sold, the court found that case did not present the same strong showing of a connection (e.g. marketing decisions or manufacturing decisions made) between the infringing conduct and the proposed forum as was presented in other patent infringement cases transferred pursuant to the "center of gravity" test.

In this case, all of LifeMed's development and other activities relating to the allegedly infringing product took place in California. Accordingly the center of gravity test controls and the correct forum is where the "hub of activity" of the infringing conduct occurred, which is California.

2. The Public Interest Factors Weigh In Favor of Granting the Motion to Transfer

There is no local interest in having this case decided in Ohio. Although MLP may be able to establish it is an Ohio business, in patent infringement cases, the center of gravity test controls (the district where the defendant designed and developed the product) unless there are distinguishing facts to indicate it should not.[3] MLP has failed to show why this test should not apply and thus any interest MLP might have had is waived.

Jury duty is a burden that ought not to be imposed on the people in a community unless there is a *relationship* between the community and the litigation. *Gulf Oil*, 330 U.S. 508-09. MLP has failed to show any relationship to Ohio as there were no marketing or sales activities

---

[3] Because its allegations are based entirely on an inadmissible declaration and no Request for Judicial Notice was filed, MLP has even failed to establish its own place of residence.

ever directed toward any Ohio residents by LifeMed. MLP makes only naked assertions of a substantial relationship between the controversy and Ohio yet fails to show any facts of that relationship. LifeMed developed, marketed, and sold the allegedly infringing products in California. MLP's own argument only has attempted to establish any sort of connections outside of California, in Texas, New Hampshire, New York and Florida.

MLP's attempt to use the median filing times for civil cases between Ohio and California in support of its assertions is likewise unavailing. The case cited by MLP, *Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, 2006 U.S. Dist. LEXIS 1337, where the average time was 6.9 months from filing to trial in California and 12.1 months from filing until trial in Ohio, essentially twice as long, does not support MLP's assertions. The *Max Rock* court found that this difference was not significant to justify transferring the case out of California. Here, MLP states that Ohio's median time is 23.6 months and California's is 47.2 months and attempts to cast this as a factor against transfer. The time difference however is proportionally the same as in *Max Rack* where the court there found the difference to be insignificant. This factor is at best neutral.

MLP concedes the last factor, familiarity with applicable law, is at best neutral. Because MLP has essentially two neutral factors and one against their favor, the public factors are in favor of transfer.

### 3. The Private Factors are in Favor of Transfer

MLP incorrectly focuses on the conception and reduction to practice of MLP's invention, however the focus in an infringement case is on the alleged infringing product and where it was developed, marketed and sold. Therefore, the focus is again on California, not Ohio. Evidence of third parties using the accused products are located in Texas, New Hampshire, New York and Florida are not relevant; it's the evidence of how the product was developed, manufactured, and brought to market, all of which is centralized in California that controls venue. MLP concedes third parties are not even located in Ohio as it lists four other states, none of them being Ohio.

Lastly, MLP claims LifeMed has failed to identify any witnesses. This is false. LifeMed has identified witnesses that may be necessary, specifically all of their employees and personnel who were integral in the production and marketing of the alleged infringing products. These witnesses are located in California. As discovery commences, specific witnesses will be identified pursuant to LifeMed's obligations under the Rules, however an entire accounting of specific California witnesses is not warranted nor required by the Rules at this stage of litigation.

Lastly, MLP concedes that due to the use of electronic documents, any inconvenience based on the factor of where the documents are located is neutral. Based on the foregoing, MLP has failed to show that any private factors weigh in its favor. LifeMed has clearly shown that the majority of the activities in the alleged case happened in California as its established place of business is in California, along with its employees and any evidence relating to the alleged infringement. Thus, LifeMed on balance, the private factors weigh in favor of transfer to California.

## CONCLUSION

For all of the foregoing reasons, LifeMed respectfully requests this Court grant LifeMed's motion to transfer to the Eastern District of California.

Respectfully submitted,

Dated: June 21, 2013    **weintraub tobin** chediak coleman grodin
LAW CORPORATION

By: /s/Scott M. Plamondon
Scott M. Plamondon

Attorneys for Defendant
LifeMed ID, Inc.